**IT IS ORDERED as set forth below:**

**Date: April 29, 2019**

_____
**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION**

| | |
|---|---|
| IN RE: <br><br> JOHNNY TIM THOMPSON, <br><br>　　Debtor. | CASE NO. 18-41476-BEM <br><br> CHAPTER 13 |
| JOHNNY TIM THOMPSON, <br><br>　　Plaintiff, <br><br> v. <br><br> ADDIE THOMPSON, <br><br>　　Defendant. | ADVERSARY PROCEEDING NO. <br> 18-4030-BEM |

**ORDER ON MOTION FOR SUMMARY JUDGMENT**

　　This proceeding comes before the Court on Debtor-Plaintiff Johnny Tim Thompson ("Debtor" or "Plaintiff")'s Motion For Summary Judgment As To All Claims And Counter-Claims (the "Motion") [Doc. 15] filed March 12, 2019. Plaintiff also filed a Statement of Material Facts ("SOF"), [Doc. 15] a copy of the parties' divorce decree [Doc. 15, Ex. A],

Schedule I filed in Debtor's main bankruptcy case and Debtor's Statement of Current Monthly Income also filed in the main case, as well as a brief in support of the Motion. Defendant, Addie Thompson, has not responded to the Motion. As a result, the Motion is deemed unopposed. BLR 7001(c). For the reasons below, the Court will grant the Motion.

### I. Summary Judgment Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure 56, made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. The Rule requires the Court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." When, as in this proceeding, "the nonmoving party bears the burden of proof at trial, the moving party may discharge this 'initial responsibility' by showing that there is an absence of evidence to support the nonmoving party's case or by showing that the nonmoving party will be unable to prove its case at trial." *Hickson Corp. v. Northern Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004). The respondent "may not rest upon the mere allegations or denials in its pleadings" but "must set forth specific facts showing that there is a genuine issue for trial. A mere 'scintilla' of evidence supporting the opposing party's position will not suffice[.]" *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106. S. Ct. 2505, 2512 (1986)). Any material facts not controverted by the respondent are deemed admitted. BLR 7056-1(a)(2). The Court will only grant summary judgment when the evidence, viewed in the light most favorable to the nonmoving party shows no genuine dispute of material fact. *Tippens v. Celotex Corp.*, 805 F.2d 949, 954 (11th Cir. 1986). A fact is material if it "might affect the outcome of the suit under the governing law …."

2

*Anderson*, 477 U.S. at 248, 106 S. Ct. at 2510. A dispute of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Defendant has not participated in this proceeding and the Court has entered a partial default judgment against Defendant, [Docs. 11, 12]. Thus the well pleaded facts contained in the Amended Complaint [Doc. 4] are admitted and the amount and general unsecured status of Defendant's claim has been determined. [Doc. 11]. Similarly, any material facts set forth in Debtor's SOF not controverted by Defendant are deemed admitted. BLR 7056-1(a)(2).

### II. Undisputed Facts

Debtor and Defendant were divorced by Order of the Superior Court of Chattooga County entered May 8, 2018 (the "Order"). [Doc. 15, Ex. A]. The Order awarded exclusive use and possession of the marital residence at 94 Preston Drive, Summerville, Georgia to Defendant. *Id.* The Order further awarded exclusive use and possession of the 2014 Nissan Frontier to Defendant. *Id.* Without any finding of facts, the Superior Court of Chattooga County, Georgia, required Debtor to make all monthly payments on the debts on the house and the car. [Doc. 15 ¶ 4, Ex. A]. Defendant filed a proof of claim in which she asserted that Debtor is obligated to pay the above pursuant to the divorce decree. [Doc. 4 at 3 ¶ 9]. Defendant did not assert that the claim was a domestic support obligation under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B) or that it was entitled to any other priority treatment. [Doc. 4 at 3 ¶ 11]. The Order involves the repayment of debt to a former spouse who was and is in a significantly better financial position than Debtor. [Doc. 4 ¶ 36.] The Superior Court of Chattooga County did not make any findings of fact regarding a disparity of income between the parties. [Doc. 15 ¶ 7, Ex. A].

3

### III.    Are the Obligations in the Nature of Support?

If an obligation from a divorce is in the nature of alimony, maintenance or support it is not dischargeable in bankruptcy, but if the obligation is a property settlement it is dischargeable in a chapter 13 bankruptcy case. *See* 11 U.S.C. §§ 1328(a)(2), 523(a)(5), 523(a)(15). Thus, Debtor seeks a determination that Defendant's claim is a property settlement under § 523(a)(15) and not "'actually in the nature of' alimony, maintenance, or support…" under 11 U.S.C. § 523(a)(5). *Cummings v. Cummings*, 244 F.3d 1263, 1265 (11th Cir. 2001) (quoting *In re Harrell*, 754 F.2d 902, 904 (11th Cir.1985)). "Whether a given debt is in the nature of support is an issue of federal law." *Cummings*, 244 F.3d at 1265 (quoting *In re Strickland*, 90 F.3d 444, 446 (11th Cir.1996)). "To make this determination a bankruptcy court should undertake 'a simple inquiry as to whether the obligation can legitimately be characterized as support, that is, whether it is in the *nature* of support.'" *Cummings*, 244 F.3d at 1265 (quoting *In re Harrell*, 754 F.2d at 906) (emphasis in original).

Merely relying on the label given by the parties or a state court as to the nature of the agreement is not sufficient. Rather, to determine the parties' intent at "the time of [the debt's] creation," "the court must … look beyond the label to examine whether the debt actually is in the nature of support or alimony." *Cummings*, 244 F.3d at 1265 (quoting *In re Gianakas*, 917 F.2d 759, 762 (3d Cir. 1990)); 11 U.S.C. § 101(14A)(B). The intent of the parties is the touchstone for non-dischargeability pursuant to § 523(a)(5) or (a)(15). *Cummings*, 244 F.3d at 1266. This he Eleventh Circuit has cited with approval several factors to assist this Court in making its determination as to the intent of the parties.

> (1) the agreement's language; (2) the parties' financial positions when the agreement was made; (3) the amount of the division; (4) whether the obligation ends upon death or remarriage of the beneficiary; (5) the frequency and number of

4

payments; (6) whether the agreement waives other support rights; (7) whether the obligation can be modified or enforced in state court; and finally (8) how the obligation is treated for tax purposes.

*Benson v. Benson (In re Benson)*, 441 Fed. Appx. 650, 651 (11th Cir. 2011) (*citing In re McCollum,* 415 B.R 625, 431 (Bankr. M.D. Ga. 2009)).[1] The creditor has the burden of proof as to the nature of her claim. *In re Bolar*, No. 08-10350, 2008 WL 7880900 at *3 (Bankr. N.D. Ga. Nov. 5, 2008) (Drake, J.). "No single factor is controlling or more important than any other." *Plyant v. Plyant (In re Plyant)*, 467 B.R. 246, 252 (Bankr. M.D. Ga. 2012). The current financial posture of the parties is not relevant to the determination. *In re Harrell,* 754 F.2d at 906; *see also* 1 Collier Family Law and the Bankruptcy Code ¶ 6.04 (2018) (Hon. Margaret Dee McGarity, Alan N. Resnick, and Henry J. Sommer eds.).

## IV.   ANALYSIS

In the SOF, Debtor points out that the Superior Court did not make any findings of fact in imposing the obligations to pay the debt secured by the house and residence or "to provide [for] a disparate income between the parties." [Doc. 15-1]. Thus, Debtor relies on the lack of evidence to support a finding that Defendant could prove that the obligations are in the nature of support.

The Order is attached to the SOF and its terms are important for determining the apparent intentions of the parties. The Order provides for Defendant's retention of the residence and car and transfer of Debtor's interest in the items to Defendant in two sections, one titled "Real Property" and the other titled "Vehicles". The Order further provides, in a section titled "Debt," that if the house or car are sold or the debts paid by insurance, Debtor is still obligated to

---

[1] "In determining whether an obligation constitutes a [domestic support obligation], the Court looks to the interpretation of [domestic support obligations] in case law involving the dischargeability of debts under § 523(a)(5), as enacted prior to the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA)." *In re O'Neal*, No. 11-13535, 2012 WL 1940594, at *3 n.1 (Bankr. N.D. Ga. Apr. 13, 2012) (Drake, J.) (alterations in original) (quoting *In re Krueger,* 457 B.R. 465, 474 (Bankr. D.S.C. 2011)).

pay the balance remaining on the debts to Defendant. The Order does not contain the term alimony or support.

The obligations with respect to the payment of debt on the house and car have indicia of both support and property division. "[A]n obligation that terminates on the death or remarriage of the obligee or the emancipation of the parties' children is likely to have been intended for support." 4 Collier On Bankruptcy ¶ 523.11[6](d) (Richard Levin & Henry J. Sommer eds., 16th ed. ) (2019) (citing *Fitzgerald v. Fitzgerald (In re Fitzgerald)*, 9 F.3d 517, 30 C.B.C.2d 185 (6th Cir. 1993)).; *see also* 1 Collier Family Law and the Bankruptcy Code ¶ 6.04[4] (2018) (citing *Sylvester v. Sylvester*, 865 F.2d 1164 (10th Cir. 1989) (citing *Goin v. Rives (In re Goin)*, 808 F.2d 1391, 1393 (10th Cir. 1987) (citing *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir. 1984) (citing, among others, *In re Ingram*, 5 B.R. 232, 235 (Bankr. N.D. Ga. 1980)))); citing *In re Strength*, 2013 Bankr. LEXIS 965 at *14 (Bankr. M.D. Ala. Feb. 26, 2013) (where Debtor was obligated to pay a mortgage until it was paid off, even though the parties had serious income disparities, the obligation was a property settlement)). Debtor's obligations do not terminate on the death of Defendant. "However, the absence of termination provisions does not dictate the conclusion that the debt is a property settlement obligation." 4 Collier On Bankruptcy ¶ 523.11[6](d) (citing *Sampson v. Sampson (In re Sampson)*, 997 F.2d 717 (10th Cir. 1993); *Singer v. Singer (In re Singer)*, 787 F.2d 1033, 14 C.B.C.2d 1386 (6th Cir. 1986)).

On the other hand, when a payment obligation is directly linked to a lump sum or the sale of identifiable property the obligation is more likely to have arisen from a property division. 4 Collier On Bankruptcy ¶ 523.11[6](c) (citing *In re Raff*, 93 B.R. 41, 48 (Bankr. S.D.N.Y. 1988) ("In this case, the distributive award is not in the nature of dividing a house or land or paying off outstanding debts to creditors of both the spouses, which often indicate a

6

dischargeable property settlement.") (citing *Barth v. Barth*, 448 F. Supp. 710 (E.D. Mo. 1978), *aff'd* 590 F.2d 340 (8th Cir. 1978))). Here, Debtor is required to pay the full value of the two debts to or for Defendant's benefit. Thus, these provisions contain conflicting indications as to the parties' intent.

Given that the Court is to make a simple inquiry whether the obligations appear to be in the nature of support, it is logical to give great weight to the parties' financial condition when they entered into their agreement or when the state court entered its order fixing the obligation. *See* 4 Collier On Bankruptcy ¶ 523.11[6](b) (citing *Dennis v. Dennis (In re Dennis)*, 25 F.3d 274, 31 C.B.C. 2d 713 (5th Cir. 1994), *cert. denied*, 513 U.S. 1081, 115 S. Ct. 732, 130 L. Ed. 2d 636 (1995)). "If the obligee spouse or former spouse would have had difficulty in providing for himself or herself and the parties' children, it is likely that the obligation will be determined to be in the nature of alimony, maintenance or support and therefore nondischargeable, regardless of how the obligation is labeled." *Id.* (citing *Yeates v. Yeates (In re Yeates)*, 807 F.2d 874, 879 (10th Cir. 1986) ("The spouse's need for support is a very important factor in determining the intent of the parties."); citing *Shaver v. Shaver*, 736 F.2d at 1317 (relative economic situations of the parties were "irrelevant to a true property settlement, but are of primary importance to a settlement intended for support")).

Here, it is undisputed that Defendant was in a significantly better financial position than Debtor when the Order was entered. [Doc 4, ¶ 36]. In addition to this key admission, Defendant filed a proof of claim in which she did not claim that the debt was entitled to priority treatment and thus did not claim that it is a non-dischargeable domestic support obligation. Given the undisputed facts establish that the Order is inconclusive of the parties' intent, Defendant was in a superior financial condition to Debtor at the time of the Order and

7

Defendant did not assert that her claim was in the nature of support, the Court concludes that the record evidence taken in the most favorable light to Defendant cannot support a finding that the obligation is in the nature of support.

Accordingly, it is hereby,

ORDERED that Debtor's Motion for Summary Judgment [Doc. 15] is Granted. It is further

ORDERED that the Court will enter a judgment in favor of Debtor finding that the obligations owed to Defendant are property settlement and thus dischargeable pursuant to 1328(a).

**END OF ORDER**

## Distribution List

Johnny Tim Thompson
106 Melba Dr
Trion, GA 30753-1320

W. Jeremy Salter
Salter & Salter, P.C.
PO Box 609
Rome, GA 30162

Addie Thompson
94 Preston Drive
Summerville, GA 30747

Mary Ida Townson
Chapter 13 Trustee
Suite 2200
191 Peachtree Street, NE
Atlanta, GA 30303-1740